APPEAL OF FIRST NATIONAL BANK OF MANCHESTER, KY.

Docket No. 941.   Submitted April 13, 1925.   Decided February 15, 1926.

> Where bonds were sold on an installment basis, to be delivered upon completion of the subscription payments, the amounts paid by purchasers and retained by taxpayer upon forfeited contracts constitute income to it, and the market value of the bonds at the time the contracts were forfeited is immaterial.

*Attilla Cox, Esq.*, for the taxpayer.
*W. D. Nance, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from a determination by the Commissioner of deficiencies in income and profits taxes for the years 1920 and 1921, in the amounts of $714.89 and $291.02, respectively.

### FINDINGS OF FACT.

The taxpayer is a Kentucky corporation, with principal office in Manchester.

The United States Government made an allotment of fourth Liberty loan bonds to the taxpayer in the year 1918, and the taxpayer arranged for the sale of the same to the public at par. Each purchaser was obligated to pay with his subscription 10 per cent of the par of the bonds and to pay the balance in installments. The taxpayer was to retain the bonds until the final payment was made therefor. Purchasers defaulted in their payments, and under date of December 8, 1920, the taxpayer made book entries to show the cancellation of the subscriptions and the possession of the bonds by the taxpayer entirely free of any subscription obligations.

In its return for 1920 the taxpayer included as income the amount of $4,084.65 standing upon its books as the payments made by subscribers who had defaulted on their subscriptions during 1920, and included the same amount as a deduction from income.

The market quotation for fourth Liberty loan bonds on December 8, 1920, was 85.66 and accrued interest.

The taxpayer's net income for 1921 was $7,046.95, instead of $8,046.95, as erroneously stated by the Commissioner.

The Commissioner determined a deficiency in tax for 1920 of $714.89, and for 1921 of $291.02. The taxpayer duly appealed.

### DECISION.

The determination of the Commissioner of the deficiency for 1920 is approved. The deficiency, if any, for 1921 should be computed upon a net income of $7,046.95 admitted by the Commissioner. Final determination as to 1921 will be made by the Board upon 7 days' notice, under Rule 50.

### OPINION.

Marquette: The only question for decision is whether the payments on the bonds which the taxpayer retained after forfeiture of the contracts constituted income, and the amount thereof. The petition alleged that the sum of $4,084.65 was received from purchasers who failed to comply with their contracts. Depositions were taken by the taxpayer, and upon completion thereof, after leave granted, it filed an amended petition presumably to conform to the testimony offered in the depositions. The amended petition alleged that the aggregate of the amount paid by purchasers of bonds which were forfeited was $2,260, instead of $4,084.65.

To prove the allegations of its amended petition the deposition of the president was taken, who testified as to what the books of the taxpayer showed and who expressed his opinion that the bookkeeper was in error in making the entries. The books were not produced in evidence, nor were they used as memoranda to refresh the recollection of the witness. At the hearing of the appeal the taxpayer was not represented. The Commissioner objected to the testimony of the witness as to the contents of the books as being incompetent and not the best evidence, and further objected to the conclusions and opinions of the witness, which objections were taken under consideration. We think the evidence offered was clearly incompetent, and the Commissioner's objection thereto was later sustained. There is no evidence to sustain the allegations of the amended petition with respect to the amount of the forfeited payments, and the Commissioner's determination of that amount must stand.

We are further of opinion that the amounts retained by the taxpayer upon the forfeited payments were income to it, and that the market value of the bonds at the time of forfeiture is immaterial. The taxpayer never parted with the title to the bonds, in so far as the record shows, and no sale was contemplated until all of the subscription payments were complete. The determination of the Commissioner with respect to the year 1920 must be approved. See *Appeal of Citizens Trust Co.*, 2 B. T. A. 286.

The Commissioner has admitted error as to 1921, arising from a mathematical error in computing net income. He admits the net income should have been $7,046.95 instead of $8,046.95, and the former amount should be used in determining the amount of tax for the year 1921.

On reference to the Board, Phillips dissents.