*752 OPINION.
Marquette:
The only question for decision is whether the payments on the bonds which the taxpayer retained after forfeiture of the contracts constituted income, and the amount thereof. The petition alleged that the sum of $4,084.65 was received from purchasers who failed to comply with their contracts. Depositions were taken by the taxpayer, and upon completion thereof, after leave granted, it filed an amended petition presumably to conform to the testimony offered in the depositions. The amended petition alleged that the aggregate of the amount paid by purchasers of bonds which were forfeited was $2,260, instead of $4,084.65.
To prove the allegations of its amended petition the deposition of the president was taken, who testified as to what the books of the taxpayer showed and who expressed his opinion that the bookkeeper was in error in making the entries. The books were not produced in evidence, nor were they used as memoranda to refresh the recollection of the witness. At the hearing of the appeal the taxpayer was not represented. The Commissioner objected to the testimony of the witness as to the contents of the books as being incompetent and not the best evidence, and further objected to the conclusions and opinions of the witness, which objections were taken under consideration. We think the evidence offered was clearly incompetent, and the Commissioner’s objection thereto was later sustained. There is no evidence to sustain the allegations of the amended petition with respect'to the amount of the forfeited payments, and the Commissioner’s determination of that amount must stand.
*753 We are further of opinion that the amounts retained, by the taxpayer upon the forfeited payments were income to it, and that the market value of the bonds at the time of forfeiture is immaterial. The taxpayer never parted with the title to the bonds, in so far as the record shows, and no sale was contemplated until all of the subscription payments were complete. The determination of the Commissioner with respect to the year 1920 must be approved. See Appeal of Citizens Trust Co., 2 B. T. A. 286.
The Commissioner has admitted error as to 1921, arising from a mathematical error in computing net income. He admits the net income should have been $7,046.95 instead of $8,046.95, and the former amount should be used in determining the amount of tax for the year 1921.
On reference to the Board, Phillips dissents.